UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEL SANTANA, A-025-441-750,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-06375-CKD P<br><br>ORDER |

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case is before the undersigned for all purposes including entry of judgment pursuant to the parties' consent and the court's minute order dated September 1, 2026. (ECF No. 12.) Petitioner previously moved for appointment of counsel and the court left that determination pending until after receipt of a response to the petition. (ECF Nos. 3, 7.) Having reviewed the response to the petition, the court finds the interests of justice would not be served by the appointment of counsel at the present time. For the following reasons, the petition is denied without prejudice except as to certain procedural protections to be afforded prior to any removal to a third country not designated in petitioner's removal order.

**I. Background**

Petitioner is a citizen and native of Cuba who was admitted to the United States on or

about May 19, 1993, as a lawful permanent resident. (ECF No. 13-1 at 2, 5.) Under respondent's evidence, in 2009, petitioner was convicted of dealing in stolen property by trafficking, grand theft, and credit card forgery or possession of counterfeit credit card. (Id. at 4-5.)

Under the petition's allegations, petitioner was ordered removed on March 24, 2009. (ECF No. 1 at 2.) He alleges he was detained until April 24, 2009, when he was released from ICE custody under an Order of Supervision. (Id. at 3.)

Respondents' evidence shows, instead, that March 24, 2009, was the date of a Notice to Appear charging petitioner as removable.[1] (ECF No. 13-1 at 5.) Under respondents' further evidence, petitioner was ordered removed on September 14, 2009. (Id. at 2-3.) Petitioner did not appeal the removal order, which is therefore final. (Id. at 3.) Petitioner was placed in deferred action status on or around January 16, 2010. (Id. at 6.) On or about October 17 or 19, 2012, petitioner was placed on an Order of Supervision which included a condition not to commit any crimes. (Id. at 8-10, 84.) Under respondents' evidence, petitioner was convicted of several criminal offenses in 2019, 2022, and 2024, including battery on a law enforcement officer and obstruction, unlawful use of personal identification information, obtaining a vehicle by trick/deceit/fraud/false representation, organized fraud, and grand theft. (ECF No. 13 at 2.)

In June 2026, DHS issued a Notice of Revocation of Release informing petitioner he had violated the conditions of his release by getting convicted of a felony. (ECF No. 13-2 at 84.) The notice stated ICE was seeking a travel document to remove petitioner to Mexico. (Id.) Petitioner was re-detained on June 6, 2026, and has been in custody continuously since then. (ECF No. 1 at 3.)

Petitioner asserts on a form petition a claim under Zadvydas v. Davis, 533 U.S. 678, 687 (2001) (first claim for relief); a claim challenging the revocation of his release (fourth claim for relief); and two claims challenging ICE's current procedures for removal of noncitizens to third countries not identified in a removal order (second and third claims for relief). (ECF No. 1 at 13-

[1] The address for petitioner set forth on the Notice to Appear suggests petitioner may have been in custody of the Florida Department of Corrections at the Okaloosa Correctional Institution on the date it was prepared. (ECF No. 13-1 at 5.)

17.) Petitioner seeks release from custody, among other relief. (Id. at 19.)

Respondents argue that petitioner is not entitled to relief because he is properly detained pursuant to a final administrative order of removal. (ECF No. 13.) Respondents also argue petitioner presents a danger if released. (Id.)

**II. Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

**III. Discussion**

Petitioner is detained under 8 U.S.C. § 1231, under which noncitizens who have final removal orders "shall" be detained for the first 90 days after their removal orders are finalized (known as the "removal period"), 8 U.S.C. § 1231(a)(2), and "may be detained beyond the removal period," id., § 1231(a)(6). Here, as set forth, petitioner was previously released under an order of supervision.

Petitioner is not entitled to relief on his claim challenging DHS's decision to re-detain him upon revoking his order of supervision. The form petition alleges petitioner did not receive notification of the reasons for revocation of his release. However, the record reflects petitioner received notice as required by 8 C.F.R. § 241.13(i)(3) which stated he had violated the conditions of his release by being convicted of a felony. (ECF No. 13-2 at 84.) The notice gave petitioner the date of his informal interview where he could respond to the reasons for the revocation. (Id.) The record also reflects petitioner had violated the conditions of his release by committing a crime. See 8 C.F.R. § 241.13(i)(1).

Moreover, petitioner's re-detention appears to be covered by 8 C.F.R. § 241.13(i)(1), which provides:

> Any [noncitizen] who has been released under an order of supervision under this section who violates any of the conditions of release may be returned to custody[.] ….. The [noncitizen] may be

> continued in detention for an additional six months in order to effect … removal, if possible, and to effect the conditions under which the [noncitizen] had been released.

This regulation permits ICE to re-detain petitioner for violating the conditions of his release for an "additional" six months, notwithstanding any prior periods of incarceration. Under these circumstances, due process did not require a pre-deprivation hearing. See Singh v. Santacruz, No. 5:26-CV-01784-PD, 2026 WL 1123467, at *3 (C.D. Cal. Apr. 22, 2026) (finding alleged violation of release conditions constituted changed circumstances which gave the government a legitimate interest in dispensing with pre-deprivation process); O.A.C.S. v. Wofford, No. 1:25-CV-01652-DAD-CSK (HC), 2025 WL 3485221, at *4 (E.D. Cal. Dec. 4, 2025) ("it is at least arguable that providing Petitioner with notice and a pre-deprivation hearing would have been impracticable and/or would have motivated his flight"). Petitioner fails to show any violation in connection with the revocation of his supervised release.

Petitioner is also not entitled to relief on his Zadvydas claim. The Supreme Court has held via the canon of constitutional avoidance that 8 U.S.C. § 1231 implicitly contains a limit to a period of detention reasonably necessary to bring about the noncitizen's removal from the United States. Zadvydas, 533 U.S. at 689. The presumptively reasonable timeframe for detaining a noncitizen is six months after issuance of a final removal order. Id. at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

Here, although the form petition alleges petitioner has been detained for more than six months after a final order of removal, the allegations specific to petitioner and the record evidence show otherwise. Petitioner alleges he was previously detained following an order of removal from March 24, 2009, until April 24, 2009. However, petitioner was not ordered removed until September 14, 2009.[2] (ECF No. 13-1 at 2-3.) Petitioner has been detained continuously since June 6, 2026, which places him still within the presumptively reasonable six-

[2] March 24, 2009, was the date of the Notice to Appear charging petitioner as removable. (ECF No. 13-1 at 5.)

month period for detention under 8 U.S.C. § 1231.

The notice of revocation of petitioner's release indicated ICE was seeking a travel document to remove petitioner to Mexico. (ECF No. 13-2 at 84.) Petitioner asserts ICE will not be able to remove him to Mexico because he entered as a political refugee and was ordered removed in 2009. (ECF No. 1 at 2.) Petitioner's detention at less than six months so far is "presumptively reasonable" under Zadvydas. 533 U.S. at 701. Generally, "a 'presumption' can be rebutted only by contrary evidence." Godoy v. Spearman, 861 F.3d 956, 965 (9th Cir. 2017); see also Fed. R. Evid. 301 ("In a civil case, unless a federal statute or these rules provide otherwise, the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption."). Petitioner carries a heavier burden under Zadvydas within the first six months of his detention than he would after six months has elapsed. See Ndandu v. Noem, No. 3:25-cv-02939-RBM-MSB, 2026 WL 25848, at *4 (S.D. Cal. Jan. 5, 2026) (holding that within the six-month period, the petitioner must claim and prove that his removal is not reasonably foreseeable to overcome the presumption). Petitioner's general allegations that ICE will not be able to remove him to Mexico are insufficient to overcome the presumption of reasonableness at this point.

That leaves petitioner's third country removal claims. The court denies petitioner's request for an injunction prohibiting his removal to a third country under any circumstances. On the present record, petitioner's punitive third country removal claim is speculative. Petitioner does not allege any specific facts that support enjoining respondents from removing him to a third country under any circumstances, such as identifying a target third country where he might suffer persecution or torture. See, e.g., Arenado-Borges v. Bondi, No. 2:25-CV-02193-JNW, 2025 WL 3687518, at *7 (W.D. Wash. Dec. 19, 2025) (rejecting punitive third country removal claim because the petitioner "offered no evidence that Cuban nationals removed to Mexico face imprisonment or other punitive treatment upon arrival" and noting other cases enjoining third country removals had findings "specific to a particular population and particular destination countries").

The court finds merit to petitioner's claim that he is entitled to notice and a meaningful opportunity to be heard prior to any attempted third country removal. See, e.g., A.A.M. v.

Andrews, 815 F. Supp. 3d 1124, 1134 (E.D. Cal. 2025) (joining "numerous courts in the Ninth Circuit" to hold a habeas court has jurisdiction to prevent removal absent statutory and constitutional due process requirements). It is unlawful for DHS to remove a noncitizen to a country where the noncitizen's life or freedom would be threatened. 8 U.S.C. § 1231(b)(3). Noncitizens in the United States are protected by the Fifth Amendment's due process clause, which many courts have held requires DHS to give a noncitizen notice and an opportunity to be heard prior to any removal to a country not designated by an IJ. See, e.g., A.A.M. v. Andrews, 815 F. Supp. 3d at 1134; Aden v. Nielsen, 409 F. Supp. 3d 998, 1019 (W.D. Wash. 2019); Pham v. Warden, 833 F. Supp. 3d 1092, 1115-16 (E.D. Cal. 2026); Al-Kashif v. Albarran, No. 1:26-CV-02594-DAD-CKD, 2026 WL 972785, at *2 (E.D. Cal. Apr. 10, 2026).

Petitioner has been subject to a final order of removal for several years and the government has thus far been unable to remove him. Respondents have not addressed or acknowledged petitioner's claim that due process requires procedural protections prior to any third country removal. Respondents also do not address whether Mexico—the country identified in a notice stating ICE was seeking a travel document to remove petitioner—is a country designated by an IJ or whether it would constitute a third country removal. Under these circumstances, the court will order that to ensure compliance with 8 U.S.C. § 1231(b)(3) and due process, DHS must take certain steps prior to removing petitioner to a country not designated by the IJ. See, e.g., Blandon v. Warden of Mesa Verde Det. Facility, No. 1:26-CV-01117-DAD-DMC-HC, 2026 WL 1067519, at *4 (E.D. Cal. Apr. 20, 2026), report and recommendation adopted in part sub nom. Blandon v. Warden of the Mesa Verde Det. Facility, No. 1:26-CV-01117-DAD-DMC (HC), 2026 WL 1506320 (E.D. Cal. May 29, 2026) (ordering due process protections prior to any potential third country removal where the record was unclear what country was designated in the order of removal); Hernandez v. Bondi, No. 1:25-CV-02020-EPG-HC, 2026 WL 350829, at *6 (E.D. Cal. Feb. 9, 2026) (finding a noncitizen with a final removal order is realistically threatened by DHS's third country removal policies).

## IV. Conclusion and Order

For the reasons set forth above, IT IS ORDERED as follows:

1. Petitioner's motion to appoint counsel (ECF No. 3) is DENIED.
2. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED in part to the extent that respondents are ENJOINED AND RESTRAINED from effectuating petitioner's third country removal without first doing the following:
    a. Providing petitioner and petitioner's counsel, if applicable, with written notice in a language petitioner can understand at least 21 days before any such removal;
    b. Following notice, petitioner must be given a meaningful opportunity, and a minimum of 10 days, to raise a fear-based claim to an immigration judge for protection under the Convention Against Torture.
    c. If petitioner demonstrates "reasonable fear" of removal to the third country, respondents must move to reopen his immigration proceedings.
    d. If petitioner is not found to have demonstrated a "reasonable fear" of removal to the third country, respondents must provide a meaningful opportunity, and a minimum of 15 days, for petitioner to seek reopening of his immigration proceedings.
3. Otherwise, petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED without prejudice.
4. The Clerk of the Court is directed to close this case.

Dated: October 12, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 sant6375.mer